IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL LEE CALLEGARI, )   No. C 06-1970 MMC (PR)
)
        Plaintiff, )
)   **ORDER OF DISMISSAL**
  v. )
)
D. SELLERS, et al., )
)
        Defendants. )
_____ )

      On March 15, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that D. Sellers ("Sellers"), an SVSP official, sexually harassed him and that other SVSP officials did not properly process his administrative appeals regarding such harassment. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

      Where a plaintiff seeks to proceed in forma pauperis, the district court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

      To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting "under color of state law." See West v. Atkins, 487 U.S. 42, 48 (1988).

      Plaintiff alleges that between 2003 and 2004, Sellers told him on various occasions that he wanted to have sex with plaintiff. Plaintiff claims this conduct constituted sexual harassment. Allegations of verbal harassment and abuse, however, fail to state a claim

cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981).  Sexual harassment that is merely verbal, and of the nature and extent alleged herein, does not rise to the level of a constitutional violation under the Eighth Amendment.  Austin v. Williams, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for 30-40 seconds); see also see, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) (finding "mere words, without more, do not invade a federally protected right"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding mere threat does not constitute constitutional wrong).  Consequently, plaintiff's allegations of sexual harassment do not state a cognizable claim for relief under 42 U.S.C. § 1983.

Similarly, a failure to properly process administrative appeals does not constitute a violation of a prisoner's constitutional rights.  There is no constitutional right to a prison administrative appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, Nebraska system contained no provision for administrative review of disciplinary decisions).  As plaintiff has no constitutional right, in the first instance, to file administrative appeals, defendants' failure to process plaintiff's appeals does not rise to the level of a constitutional violation.  Consequently, to the extent plaintiff's claim is based on his administrative appeals, plaintiff is not entitled to relief under § 1983.

For the foregoing reasons, plaintiff's complaint is hereby DISMISSED, for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 2, 2006

_____
MAXINE M. CHESNEY
United States District Judge